

FILED
OCT 26 2021
[signature]
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| NIKOLAS WEEKS,<br><br>Plaintiff,<br><br>vs.<br><br>JIMMY MURPHY,<br><br>Defendant. | 1:20-CV-1029-CBK<br><br><br><br>**MEMORANDUM AND ORDER** |

## I.  BACKGROUND

Before the Court is the fourth and final motion to dismiss brought against plaintiff Nikolas Weeks ("plaintiff"). Here, defendant Jimmy Murphy ("defendant") moves to dismiss plaintiff's claims against him on four grounds: (1) claims raised by plaintiff for Mr. Murphy allegedly violating his constitutional rights, brought via 42 U.S.C. § 1983, must be dismissed because Mr. Weeks did not clearly and unambiguously state that they were brought against this defendant in his individual capacity; (2) there is not sufficient causation for any defamation claims, and even if there were, defendant is shielded through applicable privileges; (3) the Court should reconsider and reverse its prior ruling on finding good cause to extend service on defendant Murphy pursuant to Federal Rule of Civil Procedure 4(m); and (4) any claims with a factual basis accruing prior to November 18, 2017, should be dismissed under the applicable statutes of limitations.

Defendant Murphy was the former police chief for the City of Lake Norden in Hamlin County, South Dakota. In 2018, Mr. Murphy was decertified by the South Dakota Law Enforcement Officers Standards and Training Commission, with two of the factors leading to his decertification being his February 2016 and November 2017 encounters with plaintiff Weeks. Mr. Weeks filed suit, pro se, against former Chief Murphy, as well as the City of Lake Norden, South Dakota DCI, City Attorney Todd

Boyd, Mayor Jason Aho, and Mr. Dan Koistinen, a Lake Norden maintenance worker, on November 18, 2020. COMPLAINT, doc. 1. The Court has already granted motions to dismiss pertaining to all other defendants. Docs. 33–35.

Plaintiff's claims stretch across several incidents and years. Relevant to this motion is that Mr. Weeks alleges Mr. Murphy has engaged in actionable conduct pertaining to two separate spheres of events: (1) a traffic stop on February 18, 2016 and its subsequent prosecution; and (2) a purported "attempted murder" on November 18, 2017, specifically the traffic stop that ultimately was a contributing factor in defendant's decertification as a law enforcement officer. COMPLAINT, doc. 1 at 2.

For purposes of deciding defendant's motion to dismiss, the Court examines plaintiff's assertions, taking all feasible claims as true.

## II.   DISCUSSION

### A. Legal Standard

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion, courts may consider the complaint, materials that are part of the public record, or materials necessarily embraced by the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive the motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555. In addition, the factual contents of the complaint must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Braden v. Walmart Stores, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (*quoting* Twombly, 550 U.S. at 555). When

assessing the merits of a complaint challenged under Federal Rule of Civil Procedure 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

It requires noting that complaints by pro se plaintiffs must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); accord Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

That said, pro se litigants must still present cognizable legal claims to this Court. Although the Court must accept as true any well-pleaded facts, the Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (*quoting* Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). But "the court need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what the movant actually seeks. A litigant, even a pro se one, bears some responsibility for advocating for himself." In re Heyl, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019).

## B. Whether Plaintiff Properly Brought Suit Against Murphy in Defendant's Individual Capacity

Defendant Murphy requests that this Court dismiss plaintiff's constitutional claims brought via 42 U.S.C. § 1983 because Weeks did not properly make clear he was filing suit against the former police chief in his individual capacity.[1]

---

[1] The Court has already held that Plaintiff has failed to show municipal liability on the part of the City of Lake Norden. Doc. 28. Because a claim against a municipal official – such as a police chief – in his official capacity is analogous to suit against the municipal agency itself, any claims against Mr. Murphy in his official capacity should be dismissed. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a

City officials, including police officers, "may be sued under section 1983 in either their official capacity, their individual capacity, or both." Johnson v. Outboard Maine Corp, 172 F.3d 531, 535 (8th Cir. 1999). However, "[i]n order to sue a public official in his or her *individual* capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Id. (emphasis added). If a plaintiff fails to clearly state the defendant is being sued in his individual capacity, "our precedent requires [courts] to presume that the plaintiff brings suit against the defendants in only their official capacities." Remington v. Hoopes, 611 Fed.Appx. 883, 885 (8th Cir. 2015) (*unpublished*) (*citing* id.; Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998)). See also Artis, 161 F.3d at 1182 ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.").

Here, plaintiff did not clearly and unambiguously make bare he was raising constitutional claims against defendant Murphy in his individual capacity in his complaint nor in his response to defendant's motion to dismiss.

Former Chief Murphy answered plaintiff's complaint on August 11, 2021. See ANSWER, doc. 25. Just over two weeks later, Mr. Weeks filed what he styled a "Response to Defendant Murphy's Answer." Doc. 27. In this additional briefing not requested by this Court, Mr. Weeks only makes a passing reference to the fact "Murphy can be held responsible individually." Id. at 9. As the Court has already explained, it is tasked with offering a "liberal construction" to pro se complaints. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). But that does not mean this Court must consider additional briefing beyond called for where only passing references to individual liability are discussed. Plaintiff fails to specifically assert that Murphy is being sued in his individual capacity.

---

suit against the entity.") (*citing* Brandon v. Holt, 469 U.S. 464, 471–72 (1985)). This decision only analyzes whether Mr. Murphy may thus be found liable in his individual capacity.

4

Further, the matter here is distinguishable from a sister district court opinion tackling a party's failure to clearly and unambiguously state that the defendants were being sued in their individual capacities. In <u>Miskovich v. Independent School District 318</u>, the plaintiffs failed to "unambiguously state that the individual Defendants were being sued in either their official or individual capacities." <u>Miskovich v. Indep. Sch. Dist.</u>, 318, 226 F.Supp.2d 990, 1013 (D. Minn. 2002). But, through filing a "Motion to Amend their Complaints, so as to assert, clearly, a claim against the Defendants in their individual and official capacities," plaintiffs were able to rectify their earlier drafting errors and permit the suit to proceed. <u>Id.</u> at 1014. However, here, plaintiff has never asked this court for leave to amend his complaint to bring suit against Mr. Murphy individually and has never clearly asserted he was trying to sue Murphy in his individual capacity. Rather, the only passing reference to litigating against this defendant in his individual capacity was in a "Response to Defendant Murphy's Answer." <u>See</u> doc. 27 at 9. Weeks fails to make clear he was suing in the defendant's individual capacity in the complaint, as well as failing to rebut Murphy's arguments in his response brief to the motion to dismiss. Because the plaintiff has failed to properly plead against Murphy in his individual capacity, has not asked this Court for leave to amend his complaint, or even discussed this matter in his responsive brief to Murphy's motion to dismiss, this Court cannot and does not find Weeks has properly made clear he has filed suit against this defendant in his individual capacity.

### C. Whether Murphy is Shielded by Privilege Pursuant to SDCL 20-11-5

Mr. Murphy also moves to dismiss plaintiff's claims derived from allegations of defamation. The Court understands Weeks to plead defamation against the defendant for statements Murphy made at his decertification hearing and for alleged statements made to South Dakota DCI and other law enforcement agencies. In turn, defendant argues he has not caused any alleged harm by defaming Mr. Weeks, and, if there were any defamatory statements that they would be shielded by privilege. Because any alleged statements made by defendant are in fact privileged, the Court does not address arguments surrounding causation.

Defendant cites to Iowa caselaw instead of presenting the Court the proper elements of defamation in South Dakota. Under this State's law, defamation is defined in SDCL 20-11-2, as either (1) libel; or (2) slander. However, "a defamation action may not survive if the alleged defamatory communication was privileged." Schwaiger v. Avera Queen of Peace Health Servs., 714 NW2d 874, 878 (S.D. 2006) (*quoting* Peterson v. City of Mitchell, 499 NW2d 911, 915 (S.D. 1993)). Whether there is an applicable privilege is a question of law. Id. (*citing* Sparagon v. Native Am. Publishers, Inc., 542 NW2d 125, 132 (S.D. 1996)).

Privileged communications are defined in South Dakota under SDCL 20-11-5, with four separate avenues to finding a communication as privileged. Relevant to this inquiry are subsections (1) and (3). SDCL 20-11-5(1) protects communications made "[i]n the proper discharge of an official duty;" while SDCL 20-11-5(3) protects communications made "without malice, to a person interested therein, by one who is also interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information." Harvey v. Reg'l Health Network, Inc., 906 NW2d 382, 391 (S.D. 2018) (*citing* SDCL 20-11-5(3)). For SDCL 20-11-5(3), "'there must be a specific showing of malice which requires proof of reckless disregard for the truth or actual malice.'" Id. (*quoting* Petersen v. Dacy, 550 NW2d 91, 93 (S.D. 1996)). The burden of proving malice rests on the plaintiff. Id. (*citing* Kieser v. Se. Prop., 566 NW2d 833, 838 (S.D. 1997)). For a showing of reckless disregard, "[t]he evidence must permit the conclusion that the defendant actually had a high degree of awareness of probable falsity." Id. While privilege under SDCL 20-11-5(3),(4) is only a qualified privilege, SDCL 20-11-5(1),(2) offers an absolute privilege, regardless of "whether [the] communication was false and regardless of whether it was made with malice." Koch v. Tracy, 2016 WL 3817214 at *4 (D.S.D.) (*citing* Pawlovich v. Linke, 688 NW2d 218, 211 (S.D. 2004)). Because the Court finds Murphy is protected by an absolute privilege, SDCL 20-11-5(3) is not further discussed.

Mr. Weeks raises claim to defamation against him on several occasions involving former Chief Murphy. References to defamation at Murphy's decertification hearing, doc. 16 at 14, were well within the bounds of a discharge of an official duty, namely providing testimony at a state investigatory hearing.

Next, plaintiff's defamation claim against this defendant appears to center on the allegation that "Murphy sent out several emails and made phone calls to nearby law enforcement agencies." REPLY TO DEFENDANT JIMMY MURPHY'S BRIEF AND MOTION TO DISMISS, doc. 37 at 19. In these communications, "Murphy was falsely claiming Weeks was a dangerous threat to law enforcement and that Weeks would shoot them if pulled over." Id.

"'It has long been recognized that a defamatory statement issued by a public official in the proper discharge of his official duties is absolutely privileged.'" Ruple v. Weinaug, 328 NW2d 857, 860 (S.D. 1983) (quoting Hackworth v. Larson, 165 NW2d 705, 709 (S.D. 1969)). Taking Weeks' allegations as true, that Murphy made defamatory statements to South Dakota DCI or other law enforcement, falls under SDCL 20-11-5(1)'s absolute privilege. Communicating about possible known threats – even if defamatory – to other law enforcement officials falls squarely within the confines of the official duties of a city police chief such as Murphy. Whether any purported communication was made in bad faith is immaterial. The Supreme Court of South Dakota has firmly rejected a good faith test for invoking the absolute privilege under SDCL 20-11-5(1).[2] In Harris v. Riggenbach, the State Supreme Court made clear that "the purpose behind the communication, or the state of mind of the one making the communication is neither material nor relevant." 633 NW2d 193, 195 (S.D. 2001).

Here, when taking all of plaintiff's allegations as true, defendant Murphy is shielded under SDCL 20-11-5(1)'s absolute privilege for any statements he made to

---

[2] While the State Supreme Court was analyzing a different subsection, SDCL 20-11-5(2), not SDCL 20-11-5(1), the Court's analysis and logic fits SDCL 20-11-5(1) as well. See Harris v. Riggenbach, 633 NW2d 193, 195 (S.D. 2001).

7

South Dakota DCI or other law enforcement. Because former Chief Murphy is shielded under SDCL 20-11-5(1), any assertion of privilege under SDCL 20-11-5(3) is moot.

### D. Whether the Court Should Reconsider and Reverse Prior Order on Service Extension is Moot

Defendant also asks this Court to reconsider its prior order granting plaintiff a 90-day extension on service. See doc. 23. Because none of plaintiff's claims survive Murphy's motion to dismiss, this argument is moot.

### E. Any Arguments Concerning Statutes of Limitations are Moot

Murphy's arguments concerning whether specific claims are time-barred under the applicable statutes of limitations is also moot.

### III. CONCLUSION

Because the plaintiff has not properly filed suit against Murphy in his individual capacity, the defendant's motion to dismiss the constitutional claims should be granted. The defendant's motion moving to dismiss plaintiff's defamation claims also should be granted due to Murphy's protections under state privilege pursuant to SDCL 20-11-5(1). The Court also does not reconsider and reverse its finding of good cause to extend the service of process for Mr. Weeks pursuant to Federal Rule of Civil Procedure 4(m), which is moot. Lastly, defendant's arguments concerning whether any potential claims are time-barred is moot.

IT IS HEREBY ORDERED that defendant's motion to dismiss, doc. 30, be granted, with no costs to be taxed by the clerk.

DATED this 26th day of October, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge